# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CHRISTIAN BERRELLEZA-VERDUZCO,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. C16-1308RSL

ORDER DENYING REQUEST FOR LEAVE TO FILE OUT-OF-TIME NOTICE OF APPEAL

This matter comes before the Court on "Petitioner's Pro Se Rule 60(b)(6) for Leave to Reinstate Timely Notice of Appeal and COA as Submitted." Dkt. # 19. The Court denied petitioner's motion under 28 U.S.C. § 2255 on November 22, 2016. Dkt. # 10. On December 12, 2016, petitioner filed a motion for reconsideration, Dkt. # 12, which the Court denied January 19, 2017, Dkt. # 15. On February 13, 2017, petitioner filed a "Motion for Leave to Alter or Amend Judgment to Include 'COA' and Evidentiary Hearing Denial for Appeal Purpose," Dkt. # 16, which requested a certificate of appealability (COA) on a number of issues. On March 14, 2017, the Court denied that motion based on a finding that petitioner had not satisfied the standard set forth in 28 U.S.C. § 2253(c)(2). Dkt. # 18. Nearly seventeen months passed, and then on August 6, 2018, petitioner filed the instant motion seeking leave to file an out-of-time notice of appeal. Dkt. # 19.

The time for filing a notice of appeal has long since expired, see Fed. R. App. P. 4, and the Ninth Circuit has made clear that a district court cannot extend the time to file a notice of

ORDER DENYING REQUEST FOR LEAVE TO
FILE OUT-OF-TIME NOTICE OF APPEAL - 1

appeal beyond what the rules allow, see United States v. Pearce, 992 F.2d 1021, 1022 (9th Cir. 1993). Petitioner, however, styles his request somewhat differently. He claims that his motion for a COA, Dkt. # 16, incorporated an appeal notice and should have been forwarded to the Ninth Circuit as a timely appeal.

The Court is not convinced that petitioner's requested relief is within the Court's authority to grant, but even if it is, the Court cannot see how petitioner's motion could be construed as a notice of appeal, even under the liberal construction rules afforded *pro se* civil rights plaintiffs. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). "[A] notice of appeal must specifically indicate the litigant's intent to seek appellate review . . . [in order] to ensure that the filing provides sufficient notice to other parties and the courts." Smith v. Barry, 502 U.S. 244, 248 (1992). The motion appears to contemplate a future appeal—for example, it includes the phrase "in the event of a civil appeal," Dkt. # 16 at 1—but that would suggest to a reasonable reader that the filing was not itself intended to be a notice of appeal.[1] The Court declines to grant petitioner the relief he seeks. Petitioner can, of course, appeal this order to the Ninth Circuit. If he does, the Court encourages him to carefully read Federal Appellate Rules 3 and 4 before doing so.

For the foregoing reasons, the motion, Dkt. # 19, is DENIED.

DATED this 4th day of September, 2018.

*Robert S. Lasnik (signature)*
Robert S. Lasnik
United States District Judge

---

[1] Although "the litigant's motivation in filing [a document does not] . . . determine[] the document's sufficiency as a notice of appeal," Smith, 502 U.S. at 248, the Court notes that petitioner has taken no other action since the Court's denial of his COA request. If he considered it a notice of appeal, one would expect some kind of activity in the intervening seventeen months.

ORDER DENYING REQUEST FOR LEAVE TO
FILE OUT-OF-TIME NOTICE OF APPEAL - 2