UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTIAN BERRELLEZA-VERDUZCO, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 2:16-cv-01308RSL <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on petitioner's motion for reconsideration of the denial of his motion for leave to file an out-of-time notice of appeal. Dkt. #22.

Petitioner Christian Berrelleza-Verduzco filed a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody," Dkt. #1, on August 17, 2016. This was denied by an order dated November 22, 2016. Dkt #10. Petitioner filed a motion for reconsideration, Dkt. #12, which was also denied. Dkt. #15. Petitioner then filed a motion for a certificate of appealability ("COA") under 28 U.S.C. § 2253(c), Dkt. #16, which was denied by an order dated March 14, 2017. Dkt. #18. Finally, seventeen months later, petitioner filed a motion for leave to file an out-of-time notice of appeal, in which he alleged that his motion for a COA, Dkt. #16, ought to have been construed as a notice of appeal and forwarded to the Ninth Circuit. Dkt. #19. This was denied on September 4, 2018. Dkt. #21.

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

In that order, the Court noted at the outset that it was not convinced that it had the power to grant petitioner's requested relief. Dkt. #21 at 2. A district court does not possess the authority to issue an order allowing an out-of-time appeal. *See United States v. Pearce*, 992 F.2d 1021, 1022 (9th Cir. 1993). However, the question did not arise, as the Court found that petitioner's motion for a COA could not be construed as a notice of appeal in the first place, even under the liberal construction rules afforded *pro se* civil rights plaintiffs. Dkt #21. The Court also noted in a footnote that if petitioner had considered the motion a notice of appeal, one would have expected some kind of activity in the intervening seventeen months. *Id* at 2. That denial is the subject of petitioner's present motion for reconsideration, Dkt. #22.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Petitioner has failed to meet this standard.

Petitioner reiterates that his motion for a COA included language that, "if liberally construed[,] could [have led] a reasonable reader to judge the true nature of the pleadings as a timely notice of appeal." Dkt. #22 at 1-2. The Court already rejected this argument on September 4, 2018, Dkt. #21, and no new facts or legal authority are advanced in support thereof. Petitioner also states that he never received the order denying his motion for a COA, Dkt. #18, at the United States Penitentiary at Atwater, California. Dkt. #22 at 2. At some point, he sought the assistance of the Federal Legal Research Center in obtaining a copy of the Court's docket, and only then learned of the denial of his motion. *Id*. Petitioner therefore asserts that the seventeen-month delay was rooted in his lack of knowledge concerning the denial of his motion for a COA. *Id*. at 3.

Petitioner does not state when he finally enlisted the aid of the Federal Legal Research Center, or indeed explain why he failed to do so many months earlier. *Id*. Regardless, however, these are not new facts that could not have been brought to the Court's attention with the filing of the original motion for leave to file an out-of-time notice of appeal, Dkt. #19. Petitioner was clearly aware at the time of filing that motion, on August 6, 2018, that the deadline for filing a

notice of appeal had long since passed. *See* Fed. R. App. P. 4. Yet he did not anywhere attribute that delay to any lack of knowledge concerning the denial of his motion for a COA, or any failure on the part of the United States Penitentiary to deliver that order to him. Dkt. #19. Petitioner has not shown any manifest error in the prior ruling, nor brought to light new facts or authority that could not have been brought before the Court earlier with reasonable diligence.

In the order on September 4, 2018 denying his motion for a COA, petitioner was advised by the Court that he could appeal that order to the Ninth Circuit if he so wished. He was specifically encouraged to read Federal Appellate Rules 3 and 4 before doing so. The deadline for filing that notice of appeal was September 18, 2018; i.e., fourteen days after the order was issued. Fed. R. App. P. 4(b). Instead, petitioner elected to file a motion for reconsideration of the order, twenty days after it was issued. A motion for reconsideration can only extend the time for appeal if filed within the period during which an appeal could have been noticed from the original order. *See United States v. Lefler*, 880 F.2d 233, 234 (9th Cir. 1989). Therefore, the order denying his motion for leave to file an out-of-time notice of appeal can no longer be appealed to the Ninth Circuit.

For the foregoing reasons, Petitioner's motion for reconsideration, Dkt. #22, is DENIED.

DATED this 2nd day of October, 2018.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3